**MARTIN & BONTRAGER, APC**
G. Thomas Martin, III (SBN 218456)
Nicholas J. Bontrager (SBN 252114)
4605 Lankershim Blvd., Ste. 535
Toluca Lake, CA 91602
T: (323) 940-1700
F: (323) 238-8095
Tom@mblawapc.com
Nick@mblawapc.com
Attorneys for Plaintiff
DAVID COLLADO

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| DAVID COLLADO,<br><br>    Plaintiff,<br><br>vs.<br><br>REESE LAW GROUP, APLC<br><br>    Defendant(s). | Case No.: 2:21-cv-6687<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR:**<br><br>1. **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT [15 U.S.C. § 1692]**<br><br>2. **VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT [CAL. CIV. CODE § 1788]** |

## INTRODUCTION

1. DAVID COLLADO ("Plaintiff") brings this action to secure redress from REESE LAW GROUP, APLC ("Defendant") for violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692.  Plaintiff also brings this

1. action to secure redress from Defendant for violations of the Rosenthal Fair Debt Collection Practices Act [CAL. CIV. CODE § 1788].

## JURISDICTION AND VENUE

2. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as Plaintiff's claims arise under the laws of the United States.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the acts and transactions alleged in this Complaint occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff is an individual, residing in Los Angeles County, California. Plaintiff is a natural person from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing.

5. Defendant is a corporation engaged in the business of collecting debts in this state and in several other states, with its principal place of business located in California. The principal purpose of Defendant is the collection of debts in this state and Defendant regularly attempts to collect debts alleged to be due another.

6. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect debts alleged to be due another and Defendant is a "debt collector" as defined by the FDCPA and the RFDCPA.

## FACTUAL ALLEGATIONS

7. Within one year prior to the filing of this action, Defendant contacted Plaintiff to collect money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction and/or "consumer debt."

8. Defendant took judgment against Plaintiff and filed a lien on Plaintiff's property in an attempt to collect debt from Plaintiff which Plaintiff does not legally owe. Plaintiff did not incur the debt at issue which Defendant seeks to collect from Plaintiff.

9. The last 4 digits of the social security number and the driver's license number listed in the attached abstract of judgment prepared by Defendant do not belong to Plaintiff.

10. Defendant never served Plaintiff with notice of the underlying lawsuit giving rise to the judgment lien at issue. The Encino address listed as the address for service of process of the summons does not belong to Plaintiff.

11. In failing to serve Plaintiff with the lawsuit, suing Plaintiff for debt which he does not owe, and filing a lien on Plaintiff's property for debt he does not owe, Defendant has engaged in deceptive, unfair and unconscionable means in an attempt to collect debt from Plaintiff.

12. The natural and probable consequences of Defendant's conduct was to harass, oppress or abuse Plaintiff in connection with the collection of the alleged debt.

## FIRST CAUSE OF ACTION
**(Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692)**

13. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

14. Defendant violated the FDCPA. Defendant's violations include, but are not limited to the following:

(a) Defendant violated 15 U.S.C. §1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

(b) Defendant violated 15 U.S.C. §1692e by using false, deceptive, or misleading representation or means in connection with the collection of any debt.

(c) Defendant violated 15 U.S.C. §1692e(2)(a) by falsely representing the character, amount and legal status of a debt in an attempt to collect debt from Plaintiff;

(c) Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect or attempt to collect debt from Plaintiff.

15. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

16. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorney's fees and costs, and, such other and further relief as the Court deems proper.

## SECOND CAUSE OF ACTION

**(Violation of the Rosenthal Fair Debt Collection Practices Act, CAL. CIV. CODE § 1788)**

17. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18. Defendant violated the RFDCPA. Defendant's violations include, but are not limited to, the following:

(a) Defendant violated CAL. CIV. CODE § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

19. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

20. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

(a) Actual damages pursuant to statute(s), in amounts to be determined at trial and for Plaintiff.

(b) Statutory damages pursuant to statute(s);

(c) Punitive damages pursuant to statute;

(d) Costs and reasonable attorney's fees pursuant to pursuant to statute(s); and

(e) For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

Dated: August 18, 2021     **MARTIN & BONTRAGER, APC**

By: /s/ G. Thomas Martin, III

G. Thomas Martin, III
*Attorney for Plaintiff*